UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAMONA N. YOUNG ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 1:15-cv-3752-AT |
| vs. ) | |
| ) | |
| WEST GEORGIA DENTAL, P.C., ) | |
| a Georgia Corporation, and JOSE ) | |
| NAPENAS, Individual, ) | |
| ) | |
| Defendants. ) | |

**JOINT MOTION FOR COURT REVIEW AND APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL OF CASE WITH PREJUDICE AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW, Plaintiff Ramona Young, and Defendants West Georgia Dental, P.C. and Jose Napenas, and file this Joint Motion for Court Review and Approval of the Parties' Settlement Agreement and Dismissal of Case With Prejudice and Memorandum in Support Thereof.

**I.   INTRODUCTION**

The parties respectfully request that the Court review the terms of the Settlement Agreement (filed hereto as Exhibit 1) and grant the proposed Order approving the Settlement Agreement as per Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982) and dismiss the case *with prejudice* as to the

Plaintiff based on the grounds fully set forth herein.

## II.     MEMORANDUM OF LAW

The parties request that the Court review and approve the Settlement Agreement so that the resolution of this civil action will be in accord with the Eleventh Circuit's decision concerning compromising and/or settling of Fair Labor Standards Act (FLSA) claims, Lynn's Food Stores v. United States, 679 F.2d 1350 (11th Cir. 1982).  In Lynn's Food Stores, the Eleventh Circuit set forth two ways in which wage claims arising under the FLSA may be settled or compromised by employees.  The first is through a payment through the Secretary of Labor. The second is for a private suit to be filed by employees and for the settlement to be reviewed and approved by the Court. It is the second of these procedures the Parties are following in this case.

The parties stipulate that they had a bona fide dispute.  In this regard, the parties have a dispute regarding the days of Plaintiff's workweek.  Plaintiff contends that she was paid on a Monday through Sunday workweek, which Plaintiff calculated resulted in backpay and liquidated damages in a maximum total amount of $1,691.82.  Defendants contend that Plaintiff's workweek always was Tuesday through Monday, and while Defendants dispute liability for these claims because they resulted in de minimis damages, Defendants also calculated any damages to be,

2

at most, less than $250 in backpay and liquidated damages. Although the parties have a bona fide despite, the parties are resolving the matter in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation, and the settlement reflects a compromise of the disputed claim asserted by Plaintiff. The parties have been represented by counsel throughout the negotiation of the Settlement Agreement, and Plaintiff voluntarily has agreed to release all claims against Defendants and other entities in exchange for sufficient consideration. Plaintiff is satisfied that the amount she receives represents a compromise of her claims for unpaid wages pursuant to the FLSA and otherwise.

Counsel for both parties represent that the settlement entered into by the parties is an arms-length compromise, that the parties separately negotiated Plaintiff's damages and then negotiated Plaintiff's attorney's fees, and that there was no collusion with regard to the settlement of this matter. Counsel for the parties also represent that the continuation of this litigation would result in further expense necessitating additional expenditures of costs and attorney's fees. Counsel for both parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

WHEREFORE, the parties respectfully request the Court approve the attached Settlement Agreement and dismiss this action with prejudice.

A proposed Order is attached hereto.

JOINTLY FILED BY:

| | |
|---|---|
| /s/ *Thomas F. Martin* | /s/ *Martin B. Heller* |
| Thomas F. Martin | Martin B. Heller |
| Georgia Bar No. 482595 | Georgia Bar No. 360538 |
| Martin & Martin, LLP | FREEMAN, MATHIS & GARY, LLP |
| PO Box 1070 | 100 Galleria Parkway |
| Tucker, Georgia 30085-1070 | Suite 1600 |
| T: 770-344-7267 | Atlanta, Georgia 30339 |
| F: 770-837-2678 | T: 770-818-0000 |
| E: tfmartinlaw@msn.com | F: 770-937-9960 |
| | E: mheller@fmglaw.com |
| Counsel for Plaintiff | Counsel for Defendants |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **RAMONA N. YOUNG** ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No. |
| ) | 1:15-cv-3752-AT |
| vs. ) | |
| ) | |
| **WEST GEORGIA DENTAL, P.C.,** ) | |
| a Georgia Corporation, and JOSE ) | |
| NAPENAS, Individual, ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing JOINT MOTION FOR COURT REVIEW AND APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL OF CASE WITH PREJUDICE AND MEMORANDUM IN SUPPORT THEREOF to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.  Counsel of record are:

Thomas F. Martin
Martin & Martin, LLP
PO Box 1070
Tucker, Georgia 30085-1070

This 24th day of December, 2015.

*/s/ Martin B. Heller*
Martin B. Heller
Georgia Bar No. 360538